# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LOIS WHITE,

    Plaintiff,

v.

BURLINGTON COAT FACTORY., INC., a Michigan corporation,

    Defendant.

Case No. 1:24-cv-00805

Hon.

/

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Lois White, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Burlington Coat Factory, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## **PARTIES**

1

3. Plaintiff is a resident of Cook County, Illinois.

4. Defendant is a Michigan corporation with its registered office located at 601 Abbot Road, East Lansing, MI 48823.

5. Upon information and belief, Defendant owns or operates "Burlington" whose location qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with disabilities, including arthritis of the lumbar spine and osteoarthritis of the right knee. These conditions cause sudden onsets of severe pain and substantially limit Plaintiff's ability to perform certain manual tasks, walk, stand, lift, and bend. The disabilities and symptoms are permanent.

8. At the time of Plaintiff's initial visit to Burlington (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

10. Plaintiff regularly travels to Michigan to visit friends and shop, and has plans to return to Michigan between October 4th and 6th, 2024.

11. When Plaintiff visits Michigan, she spends time in the Kalamazoo area to enjoy the numerous hotels, restaurants, and stores in the area.

12. Plaintiff shops at the Facility due to its close proximity to hotels Plaintiff stays at when traveling to the area and shopping.

13. Plaintiff encountered barriers to access at the Facility, which denied her full and equal access and enjoyment of the services, goods and amenities.

14. Plaintiff is currently deterred from considering the Facility as a shopping option on her future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

15. Plaintiff is a customer of Defendant and would return to the Facility in October if Defendant modifies the Facility and its policies and practices to accommodate individuals who have physical disabilities, but Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

16. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

17.   Plaintiff incorporates the above paragraphs by reference.

18.   This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

19.   Plaintiff seeks an order declaring that he was discriminated against on the basis of her disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

20.   Plaintiff incorporates the above paragraphs by reference.

21.   The Kalamazoo Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a store. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

22.   Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

23. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

24. Plaintiff personally encountered architectural barriers on October 6, 2023 at the Facility located at 5022 W. Main St., Kalamazoo, MI 49009:

    a. Women's Restroom No. 1:

        i. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her back and leg injuries.

        ii. Failing to provide a trash can in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which aggravates Plaintiff's back injury and causes undue strain on her injuries.

        iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the

Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

iv. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

v. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

b. Women's Restroom No. 2:

i. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections 4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards, which makes it unsafe for Plaintiff to maneuver in the water closet due to her back and leg injuries.

ii. Failing to provide a trash can in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards, which aggravates Plaintiff's back injury and causes undue strain on her injuries.

iii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards, which prevents proper balance and causes Plaintiff difficulty when trying to reach under the sink.

iv. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards, which prevents Plaintiff from using the grab bars for the assistance she needs getting onto and off of the toilet due to her back and knee injuries.

v. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of

the Standards, which causes Plaintiff difficulty reaching the toilet paper dispenser and aggravates Plaintiff's back injury.

25. These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to concerns for safety and a fear of aggravating her injuries.

26. Upon information and belief, Defendant has failed to remove some or all of the barriers and violations at the Facility.

27. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

28. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

29. Defendant has discriminated and continues to discriminate against Plaintiff (and others who are similarly situated) by denying access to full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations

located at the Facility due to the barriers and other violations listed in this Complaint.

30. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

31. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that this Court:

    A. declare that the Facility identified in this Complaint is in violation of the ADA;

    B. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

    D. award plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

  E. grant any other such relief as the Court deems just and proper.

          Respectfully Submitted,

          CASS LAW GROUP, P.C.

          /s/ Angela C. Spears

          Angela C. Spears (P82653)
          Cass Law Group, P.C.
          20015 S. La Grange Road, #1098
          Frankfort, IL 60423
          T: (872) 329-4844
          E: aspears@casslawgroup.com
          *Counsel for Plaintiff*

Dated: August 5, 2024